IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00413-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
CLERK

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER OF DISMISSAL

Plaintiff Timothy Doyle Young, a federal prisoner housed in the State of Colorado, initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On February 28, 2008, Magistrate Judge Boyd N. Boland ordered Plaintiff to file a certified copy of this trust fund account statement and to name defendants in the Complaint. As opposed to complying with the February 28, 2008, Order, Plaintiff filed a Motion for Dismissal.

In the Motion for Dismissal, Plaintiff requests that the Complaint and action be dismissed pursuant to Fed. R. Civ. P. 41(a) because of the facts he raises in the Motion for Dismissal that he filed in *Young v. United States*, No. 08-cv-00226-BNB (D. Colo. Transferred from N. D. Calif. Feb 01, 2008) The Court must construe the Motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons

stated below, the Court will deny Plaintiff's Motion for Dismissal and dismiss the Complaint and action as malicious.

Plaintiff has maliciously and purposely filed actions in other federal courts knowing, as demonstrated in the cited cases below, that venue is not proper and that the actions more properly are filed in this Court. *See Young v. U.S. Dep't of Justice, et al.*, No. 07-cv-00343-UNA (D. D.C. Feb. 13, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. Bureau of Prisons, et al.*, No. 07-cv-00817-UNA (D. D.C. May 4, 2007) (ordered transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. Bureau of Prisons*, No. 07-cv-01759-UNA (D. D.C. Nov. 15, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. DOJ, United States*, No. 07-cv-05057-SLT-LB (E.D. N.Y. Dec. 11, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. United States*, No. 07-cv-06004-THE (N.D. Calif. Dec. 17, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); *Young v. United States*, No. 08-cv-00048-THE (N. D. Calif. Jan. 18, 2008) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)). The majority of the claims asserted in the above cited cases are repetitive of the claims that he seeks to raise in this Court.

In all of the actions that he initiates, except for some of the appeals he has filed in the Tenth Circuit and in the District of Columbia, *In Re: Young, et al.*, No. 07-5154 (D.C. Cir. May 16, 2007) (certified account statement submitted on June 4, 2007); . *See Young v. United States, et al.*, No. 07-1314 (10th Cir. Filed July 31, 2007) (certified account statement filed on December 5, 2007); *Young v. Dep't of Justice, et al.*, No. 07-1333 (10th Cir. Filed Aug. 10, 2007) (certified account statement filed on

December 5, 2007), Plaintiff claims that prison staff refuses to provide him with certified copies of his trust fund account statement. Based on the findings by the Court in **Young v. Bureau of Prisons**, No. 07-cv-02240-BNB (D. Colo. Submitted Oct. 16, 2007), Plaintiff has received copies of his trust fund account statement as recently as November 2007 from the Financial Management Department, but he refuses to follow the prison procedures that are in place for obtaining additional photocopies of the certified copies of his account statement. Although Plaintiff has asserted that he is not allowed photocopies he has yet, in response to this Court's directive, to submit to the Court copies of any requests for photocopies of his certified accounts statements that were either ignored or denied by prison staff.

The instant action is one more example of the abusive filings that Plaintiff has filed in this Court and in other federal courts. The claims that Plaintiff asserts in the instant action are repetitive of the claims he asserts in **Young v. Madison**, No. 07-cv-00412-BNB (D. Colo. Submitted Feb. 20, 2008), and are improperly set forth in this action in a mandamus petition, **see Wilder v. Prokop**, 846 F.2d 613, 620 (10th Cir. 1988). Accordingly, the Court will deny Plaintiff's Motion for Dismissal and dismiss the Complaint and action as malicious pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, it is

ORDERED that the Motion for Dismissal (Doc. No. 4), filed March 11, 2008, is denied. It is

FURTHER ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

DATED at Denver, Colorado, this 15 day of April, 2008.

BY THE COURT:

*Zita Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00413-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4-16-08

 GREGORY C. LANGHAM, CLERK

 By: _____
 Deputy Clerk